# IN THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

---

## CAUSE NUMBER 25-11370

---

## CONGHUA YAN,
**Plaintiff/Appellant**

## V.

## WILLIAM A. PIGG,
**Defendant/Appellee**

---

On Interlocutory Appeal from the United States District Court for the Northern District of Texas - Fort Worth Division; Cause No. 4:23-cv-758; Hon. Mark T. Pittman, District Judge

---

## BRIEF OF DEFENDANT/APPELLEE
## WILLIAM A. PIGG

---

Respectfully Submitted

WILLIAM A. PIGG, PLLC

*/s/ William A. Pigg*
SBN 24057009
wapigg@pigglawfirm.com
10455 N. Central Expwy, Ste. 109
Dallas, Texas 75231
(469) 557-1182
Attorney for Defendant/Appellee
William A. Pigg

# CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Local Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

| | |
|---|---|
| District Judge | Honorable Mark T. Pittman |
| Magistrate Judge: | Honorable Jeffrey L. Cureton |
| Plaintiff/Appellant: | Conghua Yan |
| Defendant/Appellee: | William Pigg |

*/s/ William A. Pigg*
Attorney of Record for
Defendant/Appellee
William A. Pigg

## **<u>STATEMENT REGARDING ORAL ARGUMENT</u>**

The present case does not involve complex issues of law or fact such as would warrant oral argument. Therefore, no oral argument is necessary.

# **TABLE OF CONTENTS**

CERTIFICATE OF INTERESTED PERSONS ........................................................ i

STATEMENT REGARDING ORAL ARGUMENT ............................................ ii

TABLE OF CONTENTS ...................................................................................... iii

TABLE OF AUTHORITIES ................................................... …………iv

JURSDICTIONAL STATEMENT………………………………………………..v

STATEMENT OF ISSUES PRESENTED FOR REVIEW ............................... ..vi

STATEMENT OF THE CASE AND PROCEDURAL HISTORY……………1-5

SUMMARY OF THE ARGUMENT ................................................................... 6

ARGUMENT AND AUTHORITIES..................................................................6-8

    THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION BY OVERRULING YAN'S OBJECTION TO THE MAGISTRATE'S ORDER DENYING HIS EMERGENCY MOTION TO SEAL AND/OR REDACT CERTAIN FILING, FOR PROTECTIVE ORDER REGARDING MINOR'S PERSONAL INFORMATION, AND FOR SHOW CAUSE HEARING IN CONNECTION WITH PIGG'S MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FRCP 12(c).

CONCLUSION ...................................................................................................... 8

CERTIFICATE OF SERVICE ........................................................................... ..9

CERTIFICATE OF COMPLIANCE……………………………………………10

# TABLE OF AUTHORITIES

**Cases**

*Bin Hoa Le v. Exeter Financing Corp.*, 990 F.3d 410 (5th Cir. 2021)……….7

*SEC v. Waeyenberghe,* 990 F.2d 845 (5th Cir. 1993)………………………….7

# JURISDICTIONAL STATEMENT

## A. District Court Jurisdiction

Yan asserted claims arising under Federal statutes and alleged violations of the United States Constitution in the underlying case. Therefore, the District Court had statutory jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3).

## B. Appellate Jurisdiction

Pursuant to 28 U.S.C. § 1291, this Court has Appellate Jurisdiction over the District Court's December 12, 2025 Order overruling Yan's objection to the Magistrate's December 2, 2025 Order.

# **STATEMENT OF THE ISSUE PRESENTED FOR REVIEW**

WHETHER THE DISTRICT COURT ABUSED ITS DISCRETION BY OVERRULING YAN'S OBJECTION TO THE MAGISTRATE'S ORDER DENYING HIS EMERGENCY MOTION TO SEAL AND/OR REDACT CERTAIN FILING, FOR PROTECTIVE ORDER REGARDING MINOR'S PERSONAL INFORMATION, AND FOR SHOW CAUSE HEARING IN CONNECTION WITH PIGG'S MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FRCP 12(c).

## STATEMENT OF THE CASE AND PROCEDURAL HISTORY

Defendant William Pigg (hereinafter "Pigg") represented Plaintiff Conghua Yan, aka "Arnold Yan" (hereinafter "Yan") in Yan's divorce proceeding from on or about November 17, 2021 until on or about September 19, 2022. Pigg was the second of Yan's four successive attorneys on his divorce case.[1]

From the outset, Yan was adamant that the then judge of the 325th District Court in Tarrant County was corrupt, the Associate Judge was corrupt, the Texas State Bar is corrupt, the Tarrant County Court system is corrupt and the then opposing counsel was corrupt. During Pigg's representation, he became concerned that Yan was obsessed with these issues to an unhealthy degree.[2]

Yan and his ex-wife have had a fraught relationship. A complicating issue of relevance herein is the legal status of Yan's then wife vis a vis the minor child, then aged 7. Yan is the child's biological father. The wife claimed she is the child's mother and wanted child support, possession and

---

[1] Pigg does not know whether the attorneys who succeeded him were fired or, like Pigg, withdrew due to Yan's behavior. Whatever the reason(s), Yan did not obtain a Judgment of Divorce until September 30, 2024, at which hearing Yan appeared *pro se* and did not sign off on the judgment. Various aspects of the divorce judgment are currently pending in the Texas appellate courts and/or in the Texas Supreme Court.
[2] ROA.2601-2606.

1

access, and managing conservatorship. However, the child was born by a gestational surrogate in the People's Republic of China; the mechanics of which entailed the wife securing an egg donor and having the egg implanted in a gestational surrogate inseminated with Mr. Yan's sperm.

Discovery showed that neither Yan nor his then wife knew the identities of the egg donor or of the gestational surrogate and that no written surrogacy agreement between Yan's wife, the egg donor, and the gestational surrogate was produced. Consequently, the only way for the wife to be the child's mother under the then current Texas Uniform Parentage Act was if: (1) the wife gave birth to the child; or (2) the wife was adjudicated to be the child's mother; or (3) the wife adopted the child. The wife did not give birth to the child nor did she adopt the child during the term of Pigg's representation of Yan.

To have adjudicated the wife as the child's mother under the then current Texas law, the wife would have had to have a genetic connection to the child. No such genetic connection exists. Therefore, under the then current state of Texas law, it was impossible to adjudicate the wife as the child's mother. Pigg prepared a Motion for Summary Judgment to that effect in June 2022 and sought Yan's authorization to file it, representing that if the Motion were granted, the contentious part of the litigation would be

2

over as Yan would have gained sole conservatorship of the child with no obligation to provide child support. Nonetheless, Yan wanted to delay its filing until after the November 2022 elections, when there would be a new Judge and Associate Judge in the 325th District Court as the then Judge was retiring and the then Associate Judge lost her bid for the seat in the primary. At that time, Pigg acceded to Yan's request.

On September 5, 2022, Pigg received a settlement offer from the wife's then attorney which contained most of the things Yan professed to want, including, but not limited to the divorce itself, primary custody of the child, and no child support obligation. Pigg recommended that Yan accept the proposal after negotiation of the objectionable terms to terminate what was a rancorous and expensive litigation. Yan summarily rejected the proposal stating he would never sign anything prepared by the wife's attorney in the 325th District Court.[3]

That was the final straw for Pigg as Yan's continued entrenchment in and adherence to his unfounded conspiracy theories became insuperable. Given what Pigg perceived to be Yan's intractable position and his continued unwillingness to follow Pigg's advice, Pigg withdrew from Yan's

---

[3] ROA.2603-2605.

representation according to the Texas Rules of Civil Procedure relative to attorney withdrawals and returned Yan's file materials to him.

The Court signed off on Pigg's withdrawal in September 2022, and Yan secured other counsel.[4] As a result of Pigg's withdrawal, Yan filed a grievance against Pigg with the Texas State Bar in January 2023 which was summarily dismissed in July 2023.

Yan then filed the underlying lawsuit in the instant matter. The gravamen of Yan's allegations are difficult to ascertain in the eighty-two pages of his Third Amended Complaint, but he essentially alleges that Pigg conspired with opposing counsel and the Associate Judge to enter a fraudulent Qualified Domestic Relations Order resulting in Yan's then wife obtaining a portion of his retirement.

Presumably to hedge his bets, Yan filed another grievance with the Bar against Pigg in November 2023, alleging, as in the underlying lawsuit herein, that Pigg forged his signature on a "temporary restraining order."[5] Pigg duly responded and the Bar dismissed Yan's grievance in March 2024.

---

[4] *See* fn. 1.
[5] In actuality, the document to which Yan refers is entitled "Temporary Orders" – a 38-page document governing all interim aspects of Yan's divorce action; mostly pertaining to interim child custody, support, and visitation, as well as standard domestic relations restraining orders pertaining to disposition of property, orders against harassment or disparagement, etc.

In the underlying lawsuit, Pigg filed a Motion for Judgment on the Pleadings pursuant to FRCP 12(c) on November 21, 2025 (hereinafter, "Motion to Dismiss").[6] Included in Pigg's Brief in Support of the Motion to Dismiss, he recounted the genesis of Yan's child as set forth above.[7] In response, Yan filed an "Emergency Motion to Seal and/or Redact Certain Filing, For Protective Order Regarding Minor's Personal Information, and For Show Cause Hearing" (hereinafter, collectively, "Motion to Seal").[8] On December 2, 2025, the Magistrate denied Yan's requested relief.[9] Yan objected to the Magistrate's ruling on December 2, 2025 (hereinafter, "Objection") which the District Judge overruled on December 12, 2025.[10]

On February 19, 2026, the Magistrate issued "Findings, Conclusions, and Recommendations" on Pigg's Motion wherein he recommends granting Pigg's Motion to Dismiss the underlying lawsuit, with prejudice.[11] Yan has until March 5, 2026 to file an objection to the Magistrate's findings.[12]

---

[6] ROA.2584-2598.
[7] ROA.2589.
[8] ROA.2636.
[9] ROA.2649.
[10] ROA.2684.
[11] See USDC-NDTX Cause No. 4:23-cv-758, Doc. 214.
[12] Id.

## SUMMARY OF THE ARGUMENT

The District Court's Order overruling Yan's objection to the Magistrate's Order denying his Motion to Seal is subject to appellate review under an abuse of discretion standard.

In the present matter, Pigg presented evidence that the circumstances of the genesis of Yan's child was of public record in Yan's state court divorce proceeding since at least 2022 – long before Yan filed his Motion to Seal. Therefore, it was not an abuse of discretion for the District Court to overrule Yan's objection to its inclusion in the public record of the underlying case.

## ARGUMENT AND AUTHORITIES

### 1. THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION IN OVERRULING YAN'S OBJECTION.

This matter is not difficult to resolve. In the District Court, Yan sought to seal records pertaining to the genesis of his child.[13] In his Opposition to Yan's Motion to Seal, Pigg informed the District Court that the child's genesis was of public record in Yan's divorce proceeding since at least 2022.[14] Pigg then filed a supplemental opposition to Yan's Motion to

---

[13] ROA.2636.
[14] ROA.2639-2643.

Seal and a Declaration that the child's genesis was indeed of public record as evidenced by Pigg's telephone conversation with the Clerk's office.[15] Consequently, the Magistrate denied Yan's Motion to Seal.[16] Yan objected to the Magistrate's Order and the District Judge exercised his sound discretion in overruling Yan's objection.[17]

A lower court's failure to seal judicial records is subject to appellate review under an "abuse of discretion" standard. *SEC v. Waeyenberghe,* 990 F.2d 845 (5th Cir. 1993).

In *Bin Hoa Le v. Exeter Financing Corp.*, 990 F.3d 410 (5th Cir. 2021) this Court explained why the public's access to judicial records is sacred to our democracy and to the legitimacy of our court system, stating: "Judicial records belong to the American people; they are public, not private, documents." *Bin Hoa,* at 417. Because the parties to litigation are not sufficiently incentivized to safeguard the public interest, "the judge is the public interest's principal champion." *Id.,* at 421.

In the present matter, even if one discounts the judicial policy favoring open records, the District Court exercised its sound discretion and declined

---

[15] ROA.2638-2643.
[16] ROA.2649.
[17] ROA.2684.

7

to seal the subject records if for no other reason than that the subject records had been of public record in the state court since at least 2022.[18] Therefore, it was only a matter or common sense for the District Court to exercise its sound discretion and overrule Yan's objection to the inclusion of the subject records in the underlying case.

## CONCLUSION

Based on the foregoing, Appellee William Pigg contends this Court should AFFIRM the decision of the District Court overruling Yan's Objection to the Magistrate's Order denying his Motion to Seal and for any and all other relief to which he may be entitled at law or equity.

Respectfully submitted,

WILLIAM A. PIGG, PLLC

*/s/ William A. Pigg*
SBN 24057009
wapigg@pigglawfirm.com
10455 N. Central Expwy., Ste 109
Dallas, Texas 75231
(469) 557-1182
Attorney for Defendant/Appellee
William A. Pigg

---

[18] ROA.2638-2643, 2684.

# **CERTIFICATE OF SERVICE**

I, William Pigg, hereby certify that on this the 26th day of February 2026, the Appellee's Brief was served via electronic service to Plaintiff-Appellee.

I further certify that: (1) all privacy redactions have been made pursuant to 5th Cir. Rule 25.2.13; (2) the electronic submission is an exact copy of the paper documents pursuant to 5th Cir.Rule 25.2.1; and (3) the document has been scanned for viruses with the most recent version of Norton Anti-Virus software and is free of viruses.

*/s/ William A. Pigg*
Attorney for Defendant/Appellee
William A. Pigg

# CERTIFICATE OF COMPLIANCE

1. This document complies with the word limit of FED. R. APP. P. 5(c)(1) because, excluding the parts of the document exempted by FED. R. APP. P. 32(f), this document contains 1536 words

2. This brief has been prepared in proportionally spaced typeface using Word 10 in Times New Roman typeface and 14-point font size.

Dated: February 26, 2026

*/s/ William A. Pigg*
Attorney for Appellee
William A. Pigg