Case No. 25-11370

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

Conghua Yan,
*Plaintiff - Appellant*
v.
William A. Pigg, in Individual Capacity, as Member of the State of Texas,
*Defendant - Appellee*

On Appeal from the United States District Court for the
Northern District of Texas, Fort Worth Division
Civil Action No. 4:23-CV-00758-P, The Hon. Mark T Pittman, Presiding

# APPELLANT'S EMERGENCY MOTION TO STRIKE, SEAL, OR IN THE ALTERNATIVE REDACT APPELLEE'S BRIEF FILED FEBRUARY 26, 2026

Respectfully submitted:

Conghua Yan
2140 E Southlake Blvd, Suite L-439
Southlake, Texas 76092
214-228-1886
arnold200@gmail.com
Pro Se Litigant

TO THE HONORABLE COURT OF APPEALS FOR THE FIFTH CIRCUIT:

Plaintiff/Appellant Conghua Yan ("Yan"), appearing pro se, respectfully moves this Court on an emergency basis for an order (1) striking, sealing, or in the alternative ordering redaction of Appellee William A. Pigg's Brief filed February 26, 2026 (hereinafter "Appellee's Brief"), and (2) directing the Clerk to withhold or restrict public access to that filing pending disposition of this Motion. In support, Yan states:

## I. INTRODUCTION

This interlocutory appeal arises directly from Yan's efforts to protect the sensitive personal information of his minor child from unnecessary public disclosure in federal court filings. The very relief Yan seeks on appeal has now been compounded by Appellee's own conduct in this Court.

Appellee Pigg devoted five full pages — pages 1 through 5 of his brief — to a "Statement of the Case and Procedural History" that recounts in gratuitous detail the private circumstances of Yan's minor child. Yet Pigg's entire substantive rebuttal on the merits occupies a single paragraph (Appellee's Brief at 7), invoking *Binh Hoa Le v. Exeter Financing Corp.*, 990 F.3d 410 (5th Cir. 2021), for the proposition that judicial records are presumptively public. The disproportion is telling: Pigg needed

five pages of sensitive child-related narrative to make a one-paragraph legal argument (Appellee's Brief at 7). The narrative served no legitimate legal purpose. Its only effect — and, it appears, its intended effect — was to further expose the very information Yan came to this Court to protect.

In republishing verbatim the same sensitive information about the minor child that is the subject of this appeal, Pigg has created an entirely new, independent instance of the harm Yan sought to prevent. In doing so, he has: (1) perpetuated the harm this appeal was filed to redress; (2) rendered the appeal potentially moot by creating a parallel, unrestricted public record at the appellate level containing the same information; and (3) violated the spirit — if not the letter — of Fed. R. Civ. P. 5.2, and 5th Cir. R. 25.2.13, which require counsel to make all required privacy redactions before filing.

This pattern raises a troubling inference. **If the merits of this appeal were truly Pigg's concern, he had no reason to restate five pages of private child-related history**. The inference that his purpose was not legal advocacy, but further exposure of the child's protected information, is difficult to avoid.

This Court is asked to consider that disparity in context. The Department of Justice **moved with considerable institutional resolve to seal the names of clients appearing in the records of Jeffrey Epstein**, private individuals whose connection

to those proceedings is a matter of public controversy. Yan asks for no comparable resource or institutional effort. He asks only that this Court extend to a non-party minor child, whose **father came to federal court as a whistleblower exposing what he alleges to be a decade-long, statewide ERISA fund scandal carried out within the Texas legal community** — the same basic solicitude this Court readily affords to others whose privacy warrants protection.

The Founders' vision of courts as institutions of justice is not well served when a parent who invokes federal jurisdiction to expose institutional wrongdoing finds that the price of entry is his child's most intimate personal history laid bare in a public record, unremedied and unremedied again on appeal.

## II.  BACKGROUND

This appeal concerns the district court's December 12, 2025 Order overruling Yan's objection to the Magistrate's December 2, 2025 Order denying Yan's Emergency Motion to Seal and/or Redact Certain Filing, for Protective Order Regarding Minor's Personal Information, and for Show Cause Hearing ("Motion to Seal"). The Motion to Seal was filed in response to Pigg's Motion for Judgment on the Pleadings (ROA.2584–2598), in which Pigg included detailed information about the biological origins of Yan's then seven-year-old child — information which Yan contends is sensitive, private, and irrelevant to the legal merits.

Yan filed this interlocutory appeal precisely because the exposure of his minor child's personal information in the public court record causes ongoing, real-time harm that cannot be remedied after the fact. Such information is of a deeply sensitive and private nature that could affect the child's welfare, emotional wellbeing, and future relationships.

On February 26, 2026, Pigg filed his Appellee's Brief in this Court. Rather than limit his brief to the legal question of whether the district court abused its discretion, Pigg again repeated, in narrative detail, the same information about the child's origins. (Appellee's Brief at 1–5.) This was not legally necessary. The issues raised in Appellant's Brief could have been fully briefed without once again republishing the very private information at the center of the dispute.

### III.   ARGUMENT

**A. This Court Has Inherent Authority and Supervisory Power to Order Sealing or Redaction of an Appellee's Brief That Violates a Minor's Privacy Interests.**

Federal courts possess inherent authority to manage their own records and files, including the power to seal or redact court filings to protect privacy interests. *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978). While there is a presumption of public access to judicial records, that presumption is not absolute and may be overcome where privacy interests, particularly those of minors, are implicated. See *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419 (5th Cir. 2021)

(recognizing that the district court, as "the public interest's principal champion," must weigh the public's right of access against privacy and other competing interests).

The interests of minor children represent one of the most compelling justifications for restricting public access to court records. Courts have long recognized a heightened duty to protect minors from the consequences of litigation conducted by adults. The Federal Rules of Civil Procedure reflect this by prohibiting the filing of a minor's name in court documents except by initials. See Fed. R. Civ. P. 5.2. Fifth Circuit Rule 25.2.13 similarly requires that parties make all required privacy redactions before filing.

Here, Pigg's Appellee's Brief contains detailed, unnecessary narrative about Yan's minor child's biological origins — information that goes far beyond any minor's name or date of birth and strikes at the core of the child's most intimate personal history. This information was not necessary to resolve the legal question before this Court. It was gratuitously republished. This Court has the inherent authority and the duty to prevent its records from becoming instruments for the unnecessary exposure of a child's private information.

**B. Pigg's Brief Moots the Practical Purpose of This Appeal Unless This Court Acts.**

Yan filed this interlocutory appeal because the unauthorized public disclosure of his minor child's private origins causes ongoing, irreversible harm. Even if this Court were to rule in Yan's favor and order the district court to seal the relevant portions of the trial court record, that relief would now be incomplete: Pigg has created an entirely new, unrestricted public appellate record containing the same sensitive information. The only way to provide Yan meaningful relief — and to protect the child — is for this Court to simultaneously address the new harm Pigg has created in this very proceeding.

To allow Pigg's Brief to remain in the public record in its current form while this Court considers whether the lower court should have sealed the same information would be fundamentally inconsistent. It would render any favorable ruling hollow and would reward Pigg's litigation tactic of republishing the very information at issue.

**C. Striking, Sealing, or Redacting Appellee's Brief Is the Appropriate Remedy.**

Yan does not seek to prevent Pigg from making his legal arguments. Yan requests only that the Court direct Pigg to file a redacted version of his brief that removes the unnecessary narrative descriptions of the minor child's biological origins — specifically, the content appearing at pages 1–5 of Appellee's Brief under

the Statement of the Case and Procedural History section — or, in the alternative, that the Court order the existing brief sealed from public access pending Pigg's submission of a redacted version. The core legal argument can be made fully and fairly without republishing the details.

Pigg's own Certificate of Service, filed the same date as his brief, states that "all privacy redactions have been made pursuant to 5th Cir. Rule 25.2.13." (Appellee's Brief at 9.) Yet the brief contains detailed, non-redacted descriptions of sensitive personal information about a minor child. This representation was inaccurate, and the appropriate remedy is a court order requiring immediate correction.

## IV.  CONCLUSION

For the foregoing reasons, Appellant Conghua Yan respectfully requests that this Court:

1. Issue an emergency order temporarily sealing or restricting public access to Appellee's Brief (filed February 26, 2026) pending disposition of this Motion;

2. Order Appellee to file within seven (7) days a redacted version of his brief that removes all unnecessary narrative information about the minor child's biological origins; or, in the alternative,

3. Strike Appellee's Brief and order Appellee to refile a brief that complies with applicable privacy rules; and

4. Grant any such further relief as this Court deems just and proper in the interests of the minor child.

Respectfully submitted,

*/s/ Conghua Yan*
Conghua Yan
2140 E Southlake Blvd, Suite L-439
Southlake, Texas 76092
214-228-1886
arnold200@gmail.com
Date: February 27, 2026

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 27(d)(1)(E), I certify that this motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 1,739 words, excluding the parts exempted by Fed. R. App. P. 32(f). This motion has been prepared in Times New Roman, 14-point font, in compliance with Fed. R. App. P. 32(a)(5) and (6).

*/s/ Conghua Yan*
Conghua Yan

CERTIFICATE OF SERVICE

This is to certify that the foregoing document has been served in a manner in compliance with Rule 25(b) and (c) of the Fed. R. App. P., on February 27, 2026, on all registered counsel of record, and has been transmitted to the Clerk of the Court.

*/s/ Conghua Yan*  
Conghua Yan

CERTIFICATE OF CONFERENCE

      This motion seeks appellate relief on the same sealing issue that was contested and denied in the district court. Appellee William A. Pigg opposed Appellant's emergency motion to seal in the district court. Given that this appeal challenges the district court's denial of that contested motion, further conference is unnecessary. Appellee's position is a matter of record.

Dated: February 27, 2026

*/s/ Conghua Yan*  
Conghua Yan