No. 26-10286

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

**CONGHUA YAN,**
**Plaintiff-Appellant,**

**v.**

**THE STATE BAR OF TEXAS, et al.,**
**Defendants-Appellees.**

On Appeal from the United States District Court
for the Northern District of Texas, Fort Worth Division
Civil Action No. 4:23-cv-00758-Y

**APPELLANT'S OPPOSED MOTION FOR JUDICIAL NOTICE
OF OFFICIAL PUBLIC RECORDS AND FOR CONSIDERATION
OF ORIGINAL TAC APPENDIX EMAIL EXHIBITS**

This motion has one narrow but important point: the official public records and the original email exhibit pages already filed with the Third Amended Complaint create a visible contradiction. It is not a credibility dispute, and it does not require this Court to find perjury.

**The contradiction appears on the face of the records**. **The contradiction** is **simple** and **direct**.

**Three certified** state-court **orders** show U.S. Bank 401(k) garnishment/DRO-style orders using spousal-support language and **bearing Pigg signatures or signature blocks**. Appx. 004-006, 008-010, 012-014.

WILLIAM A. PIGG. PLLC


/s/ William A. Pigg
William A. Pigg
SBN 24057009
wapiggpigglawfirm.com
10455 N. Central Expressway, Suite 109
Dallas, Texas 75231
Tel. (214) 551-9391
Fax (214) 602-8832
Attorney for CONGHUA YAN


WILLIAM A. PIGG. PLLC

William A. Pigg
SBN 24057009
wapiggpigglawfirm.com
10455 N. Central Expressway, Suite 109
Dallas, Texas 75231
Tel. (214) 551-9391
Fax (214) 602-8832
Attorney for CONGHUA YAN


WILLIAM A. PIGG. PLLC

William A. Pigg
SBN 24057009
wapiggpigglawfirm.com
10455 N. Central Expressway, Suite 109
Dallas, Texas 75231
Tel. (214) 551-9391
Fax (214) 602-8832
Attorney for CONGHUA YAN

Yet the original TAC appendix email page at ROA.1140 shows Pigg stating that Barrows tried to obtain $25,000 via a QDRO by claiming spousal support rather than attorney fees, and that he "**did not sign off on that QDRO**" because it "would not be true." Appx. 020.



Bert Pigg <WAPigg@pigglawfirm.com>
To: Arnold Yan ◄▮▮▮▮▮▮▮▮▮►, ▮▮▮▮▮▮▮▮
Doug Burks <doug@pigglawfirm.com>
Sun, Aug 7, 2022 at 5:30 AM

No.

If you recall, at the hearing in April, you were ordered to get 50K from your 401k. You were to have done it within 30 days - meaning mid-May. Leslie tried to get her 25k via a QDRO, claiming it was for spousal support - not attorney's fees as ordered. I did not sign off on that QDRO because it would not be true and I'm not going to sign a court document that is not true. ▮▮▮▮▮▮▮▮▮▮▮

Thanks
[Quoted text hidden]

The original TAC appendix email page at ROA.1141 then shows Pigg stating that the legal issue was that "we either have to lie and accept the QDRO" or find another way to get $25,000 for Barrows. Appx. 022.

---

**401K**

---

Bert Pigg <WAPigg@pigglawfirm.com>
To: Arnold Yan ▮▮▮▮▮▮▮▮
Cc: ▮▮▮▮▮▮▮▮▮▮▮▮ Doug Burks
<doug@pigglawfirm.com>
Mon, Aug 8, 2022 at 7:12 AM

In that case, the legal issue is that we either have to lie and accept the QDRO or you need to figure out some other way to get 25K for Barrows. As for my 25K, I'm not going to put myself in a position where I'm taking money in a non-truthful way, so, regardless of Barrows, you'll have to figure out something for my end of things.
[Quoted text hidden]

The original TAC appendix email page at ROA.1139 shows Barrows writing to Pigg, with Ybarra copied, that to obtain attorney fees the order had to say spousal support because there was no way around it. Appx. 018.

Leslie Barrows <lbarrows@barrowsfirm.com>    Fri, Aug 5, 2022 at 1:06 PM
To: "William A. Pigg (Other)" <wapigg@pigglawfirm.com>
Cc: Sara Brandt <sara@barrowsfirm.com>, Samantha Ybarra <samantha@barrowsfirm.com>

Mr. Pigg:

███████████████████████████████████████████████████████ ce until
████████████████████████████████████████ He said you
are writing to US Bank objecting to the Order that you signed off and the Order that the judge has signed off on.

In order for us to obtain our attorney's fees, the order must say that the fees are for **spousal support**. There is no way
around it ████████████████████████████████████████████████████████████████
████████████████████████████████

The Tarrant County Sheriff's supplemental report records the same QDRO/garnishment/attorney-fee/spousal-support dispute in an official perjury investigation and **records Pigg's claim that he chose not to sign the order because it was not truthful**. Appx. 016.

12/21/2022, I spoke to Attorney Pigg who gave further insight into the incident in question. He explained Barrows had filed out a QUADO Interim form for attorney fees and the judge agreed, but he chose not to sign thereby the victim believed the crime occurred. He chose not to sign the order since all parties agreed to a settlement, but the victim chose not to take it at the last minute which he decides to remove himself from the case since the victim was working against his judgement/experience. He said the victim wanted to use the court process to punish his ex-wife not settle. The

That is the **point** of judicial notice. Appellant does not ask this Court to decide perjury, decide credibility, or accept disputed hearsay. Appellant asks the Court to notice the existence, dates, filing/certification status, text, signatures/signature blocks, and recorded contents of the official public records, and to consider the original TAC appendix email pages already in the ROA as record exhibits for their existence, timing, authorship metadata, contents, notice/knowledge, and contradiction value. **The certified orders say one thing; Pigg's filed and recorded statements say the opposite.** Nor was the contradiction resolved below: Pigg's later federal answer did

**not** admit that he signed or submitted the challenged instruments, but instead denied the TAC allegations placing his signing, submission, and concealment at issue. ROA.1254.

The point is not that this Court must decide **who lied**. The point is that these record statements **cannot all be true**, and that contradiction **could not be resolved** at Rule 12 by calling the case a domestic-relations grievance. It required factual development, including discovery on remand, under the pleaded ERISA, RICO, § 1983, and altered-instrument theory. The Court can see the **contradiction** without trying the merits.

### The Toll of Upholding the Truth

Below is what Mr. Pigg stated through his filings:

ROA.2969.

> Yan has falsely accused Pigg of perjury, forgery, and criminal conspiracy. Yan has stated that he does not care whether the U.S. 5th Circuit rules in his favor. [Doc., 192 at 6, 7]. Yan sent Pigg a taunting email on Christmas Eve which Pigg chooses not to reference here out of respect for this Court's dignity. Consequently, it is, was, and remains Pigg's opinion that Yan's continued harassment of him is nothing more than retaliation for Pigg's withdrawal as Yan's attorney against his wishes and it verges on an unhealthy obsession with the legal profession and the court system.

ROA.3060.

Similarly, Yan's alleged deprivation of his property rights are exclusively the result of his own actions. As Pigg previously briefed, Yan had the opportunity to end his divorce proceedings without losing his house, without losing custody of his child, and without having to pay child support. He chose not to do so. Further, he continued to choose not to do so during the term of his representation by at least two attorneys after Pigg and through his own *pro se* efforts.

There is no further point in responding to Yan's frivolous objections. As is his wont, every time he does not get the relief to which he believes he is entitled, Yan continues to rely on the Court's indulgence of him as a *pro se* Complainant in an effort to convince the Court to countenance his belief that the system is out to get him.

In 2021, Yan was an active retail banking specialist with 30 years of experience in sensitive financial data security-clearance work and had no criminal history. When Plaintiff Yan filed for divorce in 2021, his ex-wife had already been arrested and criminally charged **twice** by local law enforcement for domestic violence between 2018 and 2021. Plaintiff Yan asks this Court to take judicial notice of its own docket in No. 25-10752, which reflects the related disputes between Yan and his ex-wife.

Pigg's own court filings admitted what the state court did to Yan. The federal question is whether, in this Nation, a regular citizen may be deprived of property rights, lose child custody, lose ERISA-protected retirement funds through unlawful acts, and be forced to pay child support to a court-record-documented domestic-violence abuser because he **refused to lie** and **refused to accept an unlawful result** from an altered pre-decree QDRO.

That question is especially serious where Yan's own lawyer admitted the altered QDRO was not true, but still signed three altered orders without Yan's knowledge, then lied about and concealed that signing conduct from Yan and from law enforcement.

If Pigg calls Yan's insistence on the truth an "obsession," then the real question is this: <mark>Is an obsession with the truth of court orders and statements made to law enforcement "healthy" or "unhealthy" in the view of the legal profession and the court system?</mark>

On August 5, 2022, Barrows told Pigg that they must "frame" "attorney fees" as "spousal support." On August 8, 2022, Pigg told Yan to lie. At that time, Yan had not yet learned that Pigg himself was part of the conspiracy; Yan told Pigg over the phone that he wanted the truth. On September 7, 2022, Pigg filed his motion to withdraw. At that time, Yan still had not learned that Pigg himself was part of the conspiracy. Yan believed Barrows had acted alone, so he reported Barrows' crime to the Sheriff's Department. Pigg then lied again to cover Barrows.



**Bert Pigg** <WAPigg@pigglawfirm.com>
to me, Abraham, Becky, Doug

Arnold:

This is to advise that I have filed my motion to withdraw as your attorney. I will advise when the court sets the hearing thereon.

Bert Pigg

Wed, Sep 7, 2022, 3:22 PM

**Records and Exhibits**

1) April 26, 2022 Order for Garnishment of U.S. Bank 401(k) Savings Plan, Tarrant County District Clerk docket entry #93, Cause No. 325-707596-21. Appx. 004-006.

2) May 26, 2022 Order for Garnishment of U.S. Bank 401(k) Savings Plan, Tarrant County District Clerk docket entry #97, Cause No. 325-707596-21. Appx. 008-010.

3) July 12, 2022 Order for Garnishment of U.S. Bank 401(k) Savings Plan, Tarrant County District Clerk docket entry #118, Cause No. 325-707596-21. Appx. 012-014.

4) Tarrant County Sheriff's Office Case Supplemental Report No. 2022-118012, printed January 17, 2023, concerning the same U.S. Bank 401(k), QDRO/garnishment, attorney-fee, and spousal-support issue. Appx. 016.

5) Original TAC appendix email page: August 5, 2022 Barrows email, ECF No. 60 page 87 of 152, ROA.1139. Appx. 018.

6) Original TAC appendix email page: August 7, 2022 Pigg email, ECF No. 60 page 88 of 152, ROA.1140. Appx. 020.

7) Original TAC appendix email page: August 8, 2022 Pigg email, ECF No. 60 page 89 of 152, ROA.1141. Appx. 022.

**Limited Purpose**

**The official court orders** and **official sheriff report** are offered for judicial notice under Federal Rule of Evidence 201 only to establish their existence, dates, file-stamp/docket/certification status, text, signatures/signature blocks, subject matter, and

recorded contents. They are not offered as conclusive proof that any disputed statement inside the police report is true.

The original TAC appendix email pages are not offered as new public records. They are attached because they are already in the district-court record at ROA.1139-1141 and because they explain why the official records matter. Appellant asks the Court to consider the fact that the email statements were made, their timing, their authorship metadata, and **their relationship to the certified order record**.

This motion therefore does not attempt to add a new claim or try a new fact issue on appeal. It identifies official public records and record-context emails that show why the district court erred by treating the case as an ordinary domestic-relations grievance instead of the pleaded 401(k), ERISA, RICO, and altered-instrument theory. The contradiction shows why Rule 12 dismissal with prejudice was premature: the factual questions of how these instruments were prepared, signed or approved, submitted, concealed, and used to obtain ERISA-plan assets required factual development, not dismissal by label.

### Grounds

Federal Rule of Evidence 201 permits judicial notice of a fact that is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Federal Rule of Appellate Procedure 27 authorizes this motion.

Certified state-court orders and official agency records are proper subjects of limited judicial notice for existence, dates, docket/file status, text, signatures, and recorded contents. **The three orders** are **certified records** from Tarrant County Cause No. 325-707596-21. <mark>**The sheriff supplemental report** is **an official public agency record**</mark>. The Court may notice those official records without accepting disputed hearsay or deciding the truth of every factual assertion inside them.

The original TAC appendix email pages complete the chronology and contradiction already preserved in the appellate record. This is the contradiction: Barrows wrote that support language was necessary to obtain attorney fees; Pigg wrote that **he did not sign off** because the QDRO would not be true; Pigg then wrote that accepting the QDRO required a lie; and the police report recorded Pigg's later claim that he chose not to sign. But **the certified orders bear Pigg signatures or signature blocks**, while Pigg's later answer did **not** admit that fact and instead denied the TAC paragraphs placing his signing, submission, and concealment at issue. ROA.1254. Those records do not ask this Court to decide perjury. They show that the pleaded theory required factual development: who prepared the instruments, who signed or approved them, who submitted them, who knew the support recital was being used for attorney-fee collection, and how U.S. Bank processed the instruments. The Court need not accept the truth of any disputed hearsay to recognize that the official records and record exhibits **materially contradict** the district court's treatment of this case as a routine domestic-relations grievance.

**Requested Relief**

Appellant respectfully requests that the Court take judicial notice, for the limited official-record purposes stated above, of the three certified state-court orders and the Tarrant County Sheriff supplemental report; consider the original TAC appendix email exhibit pages for the limited purposes stated above; and grant all other just and proper relief.

Respectfully submitted,

*/s/ Conghua Yan*
Conghua Yan
Pro Se Appellant
2140 E. Southlake Blvd., Suite L-439
Southlake, Texas 76092
214-228-1886
arnold200@gmail.com

## CERTIFICATE OF CONFERENCE

I certify that, before filing this motion, I conferred or attempted to confer with counsel for Appellees regarding the relief requested. All Appellees stated that they oppose this motion.

*/s/ Conghua Yan*
Conghua Yan

## CERTIFICATE OF SERVICE

I certify that on July 7, 2026, I served this motion and appendix on all counsel of record through the Court's CM/ECF system or by other authorized means.

*/s/ Conghua Yan*
Conghua Yan

## CERTIFICATE OF COMPLIANCE

This motion complies with Federal Rule of Appellate Procedure 27(d)(2) because it contains fewer than 1,610 words, excluding the parts exempted by the rule. This motion also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 27(d)(1)(E) because it has been prepared in 14-point Times New Roman.

*/s/ Conghua Yan*
Conghua Yan

# No. 26-10286

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

## CONGHUA YAN,
**Plaintiff-Appellant,**

**v.**

## THE STATE BAR OF TEXAS, et al.,
**Defendants-Appellees.**

# APPENDIX TO APPELLANT'S MOTION FOR JUDICIAL NOTICE
# OF OFFICIAL PUBLIC RECORDS AND RECORD EMAIL EXHIBITS

| Tab | Document |
| --- | --- |
| 1 | Unsworn Declaration of Conghua Yan under 28 U.S.C. § 1746 verifying true and correct copies |
| 2 | April 26, 2022 Order for Garnishment of U.S. Bank 401(k) Savings Plan, Cause No. 325-707596-21, docket entry #93 |
| 3 | May 26, 2022 Order for Garnishment of U.S. Bank 401(k) Savings Plan, Cause No. 325-707596-21, docket entry #97 |
| 4 | July 12, 2022 Order for Garnishment of U.S. Bank 401(k) Savings Plan, Cause No. 325-707596-21, docket entry #118 |
| 5 | Tarrant County Sheriff's Office Case Supplemental Report No. 2022-118012, printed January 17, 2023 |
| 6 | Original TAC Appendix email page: August 5, 2022 Barrows email, Document 60, page 87 of 152, ROA.1139 |
| 7 | Original TAC Appendix email page: August 7, 2022 Pigg email, Document 60, page 88 of 152, ROA.1140 |
| 8 | Original TAC Appendix email page: August 8, 2022 Pigg email, Document 60, page 89 of 152, ROA.1141 |

# UNSWORN DECLARATION OF CONGHUA YAN

## 28 U.S.C. § 1746

My name is Conghua Yan. I am the Plaintiff-Appellant in Fifth Circuit No. 26-10286. I make this declaration from personal knowledge, my review of records in my possession, and my review of the appendix attached to my Motion for Judicial Notice of Official Public Records and Record Email Exhibits.

I have reviewed the attached appendix. The documents, image, and TAC-appendix email pages physically attached in this appendix are true and correct copies, images, or excerpts of records in my possession, as identified below.

Tab 2 is a true and correct copy of the April 26, 2022 Order for Garnishment of U.S. Bank 401(k) Savings Plan in Cause No. 325-707596-21, bearing the Tarrant County District Clerk certification stamp dated May 28, 2024.

Tab 3 is a true and correct copy of the May 26, 2022 Order for Garnishment of U.S. Bank 401(k) Savings Plan in Cause No. 325-707596-21, bearing the Tarrant County District Clerk certification stamp dated May 28, 2024.

Tab 4 is a true and correct copy of the July 12, 2022 Order for Garnishment of U.S. Bank 401(k) Savings Plan in Cause No. 325-707596-21, bearing the Tarrant County District Clerk certification stamp dated May 29, 2024.

Tab 5 is a true and correct copy/image of Tarrant County Sheriff's Office Case Supplemental Report No. 2022-118012, printed January 17, 2023, as it appears in my possession.

Tabs 6 through 8 are true and correct copies of the original email exhibit pages from the appendix to my Third Amended Complaint, ECF No. 60, in Yan v. State Bar of Texas, No. 4:23-cv-00758-Y. They are Document 60 pages 87 through 89 of 152 and correspond to ROA.1139 through ROA.1141. Tab 6 contains the August 5, 2022 Barrows email. Tab 7 contains the August 7, 2022 Pigg email stating that he did not sign off on the QDRO because it would not be true. Tab 8 contains the August 8, 2022 Pigg email stating that "we either have to lie and accept the QDRO."

This declaration verifies the authenticity and accuracy of the attached copies, images, and excerpts as copies of the records identified. I do not ask the Court to treat this declaration as proof that every disputed hearsay statement contained inside any public or email record is true, and I do not declare that the investigator's conclusion in the police report is true. The purpose of this declaration is to verify that the attached exhibits are true and correct copies/images/excerpts of the records identified.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in Tarrant County, Texas, on July 5, 2026.

/s/ Conghua Yan *Conghua Yan*
Conghua Yan, Declarant

**TAB 2**

**April 26, 2022 Order for Garnishment of U.S. Bank 401(k) Savings Plan**

FILED
TARRANT COUNTY
2022 APR 26 PM 1:39
THOMAS A. WILDER
DISTRICT CLERK

| | | |
|---|---|---|
| IN THE MATTER OF | § | IN THE DISTRICT COURT |
| THE MARRIAGE OF | § | |
| | § | |
| CONGHUA YAN | § | |
| AND | § | 325th JUDICIAL DISTRICT |
| FUYAN WANG | § | |
| | § | |
| AND IN THE INTEREST OF | § | |
| ███████, A CHILD | § | TARRANT COUNTY, TEXAS |

---

### ORDER FOR GARNISHMENT OF U.S. BANK 401 (K) SAVINGS PLAN

---

On April 13, 2022, the Court heard Respondent's request for Spousal Support *inter alia*.

WHEREAS, this Court has jurisdiction over all parties and over the subject matter of spousal support in this case.

WHEREAS, this Court intends this order to be a Domestic Relations Order.

WHEREAS, this order is being using to collect amounts owed as spousal support.

WHEREAS by order of this court, Participant, Conghua Yan, was ordered/required to pay spousal support to Fuyan Wang, which is currently is in the balance of $25,000.00.

IT IS HEREBY ORDERED by the Court as follows:

***DEFINITIONS:***

"PARTICIPANT":

• Conghua Yan
• Social Security Ending ███
• Address: 207 Meadowlark Lane, Southlake, Texas 76092
• Phone: (214) 228-1886


"ALTERNATE PAYEE (SPOUSE)":
• Fuyan Wang
• Social Security Ending ███
• Address: 207 Meadowlark Lane, Southlake, Texas 76092

---

**ORDER FOR GARNISHMENT OF U.S. BANK 401 (K) SAVINGS PLAN      Page 1 of 3**
*Wang; Cause No. 325-707596-21*

A CERTIFIED COPY
ATTEST: 05/28/2024
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ LaToya Y Turner

• Phone: (682) 408-2808

"Plan":
• U.S. Bank 401 (k) Savings Plan

"Plan Administrator":
• U.S. Bank 401(k) Savings Plan
• U.S. Bancorp
  800 Nicollet Mall
  Minneapolis, MN 55402-4302

## COLLECTION OF SPOUSAL SUPPORT

IT IS ORDERED that the retirement account at U.S. Bank pay to Fuyan Wang, $25,000.00 from the U.S. Bank 401 (k) Savings Plan of Conghua Yan to satisfy this obligation.

IT IS FURTHER ORDERED that the payment shall be made payable to Fuyan Wang, 207 Meadowlark Lane, Southlake, Texas 76092.

## LIMITATIONS ON ORDER

THE COURT FINDS that nothing contained in this Order shall be construed to require the Plan to provide for any type or form of benefits, or any option, not otherwise provided under the Plan to the Alternate Payee.

SIGNED on ___April 26___ , 2022.

_____
PRESIDING JUDGE

---

**ORDER FOR GARNISHMENT OF U.S. BANK 401 (K) SAVINGS PLAN**   **Page 2 of 3**
*Wang; Cause No. 325-707596-21*

A CERTIFIED COPY
ATTEST: 05/28/2024
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ LaToya Y Turner

Appx. 005

THE BARROWS FIRM, P.C.
520 E. Southlake Blvd., Suite 140
Southlake, Texas 76092
Phone: 817-481-1583
Fax: 817-912-1380



Leslie Starr Barrows
State Bar No. 24048343
Email: lbarrows@barrowsfirm.com
Danielle DeFranco
State Bar No. 24127415
Email: danielle@barrowsfirm.com
Erin B. Healey
State Bar No. 24041073
Email: erin@barrowsfirm.com
Samantha Ybarra
State Bar No. 24104627
Email: samantha@barrowsfirm.com
Attorney's for Fuyan Wang


WILLIAM A. PIGG. PLLC


/s/ William A. Pigg
William A. Pigg
SBN 24057009
wapiggpigglawfirm.com
10455 N. Central Expressway, Suite 109
Dallas, Texas 75231
Tel. (214) 551-9391
Fax (214) 602-8832
Attorney for CONGHUA YAN

---

A CERTIFIED COPY
ATTEST: 05/28/2024
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ LaToya Y Turner

**TAB 3**

**May 26, 2022 Order for Garnishment of U.S. Bank 401(k) Savings Plan**

|  |  |  |
|---|---|---|
| IN THE MATTER OF | § | IN THE DISTRICT COURT |
| THE MARRIAGE OF | § | |
| | § | |
| CONGHUA YAN | § | |
| AND | § | 325th JUDICIAL DISTRICT |
| FUYAN WANG | § | |
| | § | |
| AND IN THE INTEREST OF | § | |
| ██████████, A CHILD | § | TARRANT COUNTY, TEXAS |

## ORDER FOR GARNISHMENT OF U.S. BANK 401 (K) SAVINGS PLAN

On April 13, 2022, the Court heard Respondent's request for Spousal Support *inter alia*.

WHEREAS, this Court has jurisdiction over all parties and over the subject matter of spousal support in this case.

WHEREAS, this Court intends this order to be a Domestic Relations Order.

WHEREAS, this order is being using to collect amounts owed as spousal support.

WHEREAS by order of this court, Participant, Conghua Yan, was ordered/required to pay spousal support to Fuyan Wang, which is currently is in the balance of $25,000.00.

IT IS HEREBY ORDERED by the Court as follows:

### DEFINITIONS:

"PARTICIPANT":

• Conghua Yan
• Social Security Ending ████
• Address: 207 Meadowlark Lane, Southlake, Texas 76092
• Phone: (214) 228-1886

"ALTERNATE PAYEE (SPOUSE)":
• Fuyan Wang
• Social Security Ending ████
• Address: 207 Meadowlark Lane, Southlake, Texas 76092



A CERTIFIED COPY
ATTEST: 05/28/2024
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ LaToya Y Turner

• Phone: (682) 408-2808

"Plan":
• U.S. Bank 401 (k) Savings Plan

"Plan Administrator":
• U.S. Bank 401(k) Savings Plan
• U.S. Bancorp
  **Attn: Garnishment Department**
  800 Nicollet Mall
  Minneapolis, MN 55402-4302

## COLLECTION OF SPOUSAL SUPPORT

IT IS ORDERED that the retirement account at U.S. Bank pay to Fuyan Wang, $25,000.00 from the U.S. Bank 401 (k) Savings Plan of Conghua Yan to satisfy this obligation.

IT IS FURTHER ORDERED that the payment shall be made payable to Fuyan Wang, 207 Meadowlark Lane, Southlake, Texas 76092.

## LIMITATIONS ON ORDER

THE COURT FINDS that nothing contained in this Order shall be construed to require the Plan to provide for any type or form of benefits, or any option, not otherwise provided under the Plan to the Alternate Payee.

SIGNED on _____May 24_____, 2022.

_____
PRESIDING JUDGE



A CERTIFIED COPY
ATTEST: 05/26/2024
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ LaToya Y Turner

THE BARROWS FIRM, P.C.
520 E. Southlake Blvd., Suite 140
Southlake, Texas 76092
Phone: 817-481-1583
Fax: 817-912-1380

Leslie Starr Barrows
State Bar No. 24048343
Email: lbarrows@barrowsfirm.com
Danielle DeFranco
State Bar No. 24127415
Email: danielle@barrowsfirm.com
Erin B. Healey
State Bar No. 24041073
Email: erin@barrowsfirm.com
Samantha Ybarra
State Bar No. 24104627
Email: samantha@barrowsfirm.com
Attorney's for Fuyan Wang

WILLIAM A. PIGG. PLLC

William A. Pigg
SBN 24057009
wapiggpigglawfirm.com
10455 N. Central Expressway, Suite 109
Dallas, Texas 75231
Tel. (214) 551-9391
Fax (214) 602-8832
Attorney for CONGHUA YAN



A CERTIFIED COPY
ATTEST: 05/28/2024
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ LaToya Y Turner

# TAB 4

# July 12, 2022 Order for Garnishment of U.S. Bank 401(k) Savings Plan

FILED
TARRANT COUNTY
2022 JUL 12 PH 4: 33
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. 325-707596-21

| | | |
|---|---|---|
| IN THE MATTER OF | § | IN THE DISTRICT COURT |
| THE MARRIAGE OF | § | |
| | § | |
| CONGHUA YAN | § | |
| AND | § | 325th JUDICIAL DISTRICT |
| FUYAN WANG | § | |
| | § | |
| AND IN THE INTEREST OF | § | |
| ████████, A CHILD | § | TARRANT COUNTY, TEXAS |

## ORDER FOR GARNISHMENT OF U.S. BANK 401 (K) SAVINGS PLAN

On April 13, 2022, the Court heard Respondent's request for Spousal Support *inter alia*.

WHEREAS, this Court has jurisdiction over all parties and over the subject matter of spousal support in this case.

WHEREAS this Court intends this order to be a Domestic Relations Order.

WHEREAS this order is being using to collect amounts owed as spousal support.

WHEREAS by order of this court, Participant, Conghua Yan, was ordered/required to pay spousal support to Fuyan Wang, which is currently is in the balance of $25,000.00.

IT IS HEREBY ORDERED by the Court as follows:

*DEFINITIONS:*

"PARTICIPANT":

- Conghua Yan
- Social Security Ending ████
- Address: 207 Meadowlark Lane, Southlake, Texas 76092
- Phone: (214) 228-1886


"ALTERNATE PAYEE (SPOUSE)":
- Fuyan Wang
- Social Security Ending ████
- Address: 207 Meadowlark Lane, Southlake, Texas 76092

A CERTIFIED COPY
ATTEST: 05/29/2024
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ LaToya Y Turner

• Phone: (682) 408-2808

"Plan":
• U.S. Bank 401 (k) Savings Plan

"Plan Administrator":
• U.S. Bank 401(k) Savings Plan
• U.S. Bank
  **Attn: Garnishment Department**
  800 Nicollet Mall
  Minneapolis, MN 55402-4302

## *COLLECTION OF SPOUSAL SUPPORT*

IT IS ORDERED that the retirement account at U.S. Bank pay to Fuyan Wang, $25,000.00 from the U.S. Bank 401 (k) Savings Plan of Conghua Yan to satisfy this obligation.

IT IS FURTHER ORDERED that the payment shall be made payable to Fuyan Wang c/o The Barrows Firm P.C., 520 E. Southlake Blvd. Suite 140, Southlake, Texas 76092

## *LIMITATIONS ON ORDER*

THE COURT FINDS that nothing contained in this Order shall be construed to require the Plan to provide for any type or form of benefits, or any option, not otherwise provided under the Plan to the Alternate Payee.

SIGNED on ~~July 12~~ , 2022.

~~Lori Lee Angel~~
PRESIDING JUDGE

A CERTIFIED COPY
ATTEST: 05/29/2024
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ LaToya Y Turner

---

**ORDER FOR GARNISHMENT OF U.S. BANK 401 (K) SAVINGS PLAN          Page 2 of 3**
*Wang; Cause No. 325-707596-21*

THE BARROWS FIRM, P.C.
520 E. Southlake Blvd., Suite 140
Southlake, Texas 76092
Phone: 817-481-1583
Fax: 817-912-1380



_____

Leslie Starr Barrows
State Bar No. 24048343
Email: lbarrows@barrowsfirm.com
Danielle DeFranco
State Bar No. 24127415
Email: danielle@barrowsfirm.com
Erin B. Healey
State Bar No. 24041073
Email: erin@barrowsfirm.com
Samantha Ybarra
State Bar No. 24104627
Email: samantha@barrowsfirm.com
Attorney's for Fuyan Wang



A CERTIFIED COPY
ATTEST: 05/29/2024
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ LaToya Y Turner

WILLIAM A. PIGG. PLLC

_____

William A. Pigg
SBN 24057009
wapigg@pigglawfirm.com
10455 N. Central Expressway, Suite 109
Dallas, Texas 75231
Tel. (214) 551-9391
Fax (214) 602-8832
Attorney for CONGHUA YAN

**ORDER FOR GARNISHMENT OF U.S. BANK 401 (K) SAVINGS PLAN**     **Page 3 of 3**
*Wang; Cause No. 325-707596-21*

**TAB 5**


**Tarrant County Sheriff's Office Case Supplemental Report No. 2022-118012**

Tarrant County Sheriff's Office

OCA: **202218012**

THE INFORMATION BELOW IS CONFIDENTIAL - FOR USE BY AUTHORIZED PERSONNEL ONLY

**Case Status:** *ACTIVE/OPEN PENDING*     **Case Mng Status:** *REQUIRES SUPERVISOR...*     **Occurred:** *12/16/2022*

**Offense:** *PERJURY*

**Investigator:** BENNETT, D. F. (74751)     **Date / Time:** *12/20/2022 08:43:38, Tuesday*

**Supervisor:** HARWELL, R. B. (72552)     **Supervisor Review Date / Time:** *12/20/2022 09:37:22, Tuesday*

**Contact:**     **Reference:** *Follow Up*

On 12/20/2022, I, Det. Bennett, was assigned report # 2022-118012. I read Deputy Chappell's report, CSI not contacted, and there is no security footage.

12/20/2022, I spoke to Family Court Supervisor Salazar about this incident. He advised the case is still moving through the process and is scheduled for a final court date (3/27/2024). The files showed victim Yan was currently being represented by attorney David Wynne and his attorney representing him during this incident was attorney William Pigg. There were still motions and hearing dates scheduled. Next, I spoke to attorney Leslie Barrows (suspect) whom was representing the wife. She explained the victim has continued to claim she filed paperwork with the courts to take $50,000 from his 401K. She believes the victim believes she falsified the paperwork and lied to the judge thereby committing perjury since the $50,000 was actual used to pay all attorney fees, not spousal fees. She will send documents showing the presiding judge signed an order allowing both attorneys to be paid. After wards, I spoke to attorney William Pigg, victim counsel during this incident, and he thought the issue was how the court order was presented and signed allowing both attorneys to be paid. He informed me he would contact me tomorrow to follow up since he was away from his oofice to check his files. Lastly, I spoke to the victim and he continued to press the issue that the suspect Barrows lied and mislead the judge to sign an order freezing his 401K acct and removing $50,000 paying both attorney fees under the color of spousal fees. He did not agree to spousal fees. He sent all documents to be analyzed and I saw the judge signed the order for this action to occur.

12/21/2022, I spoke to Attorney Pigg who gave further insight into the incident in question. He explained Barrows had filed out a QUADO Interim form for attorney fees and the judge agreed, but he chose not to sign thereby the victim believed the crime occurred. He chose not to sign the order since all parties agreed to a settlement, but the victim chose not to take it at the last minute which he decides to remove himself from the case since the victim was working against his judgement/experience. He said the victim wanted to use the court process to punish his ex-wife not settle. The court process and time he represented the victim he believes no one had intent to commit perjury or lie during the different hearings/meetings. I contacted the TCDA's office for guidance on the victim's claim. TA investigator Taylor advised the DA's office will not take case for the victim's claim or issue of perjury since the Judge over the case did not have cause for an investigation. He advised his best best course of action is to file a civil claim. Also, suspect Barrows sent me documents showing reports the victim sent to the Chief Disciplinary Counsel, Texas State Bar, reporting her for the incident which they found no evidence supporting his claim. Next, the victim filed an appeal as of 12/1/2022. After contacting all parties and TCDA's office, I have determined no evidence exist showing any form of perjury exist since the Judge overseeing this case saw no signs that anyone involved committed a crime. Per TCDA's office response, the only course of action for the victim is to seek civil remedies or file a complainant with the presiding judge investigate, which is still a civil matter. After investigating the case, receiving all documents related, and talking with the different players, so I determined and cleared this case unfounded.

Investigator Signature                                        Supervisor Signature

**TAB 6**


**Original TAC Appendix Email - August 5, 2022 Barrows No-Way-Around-It Email (ROA.1139)**



Bert Pigg <wapigg@pigglawfirm.com>

## In the Matter of the ████████████████████████ Order

1 message

**Leslie Barrows** <lbarrows@barrowsfirm.com>                    Fri, Aug 5, 2022 at 1:06 PM
To: "William A. Pigg (Other)" <wapigg@pigglawfirm.com>
Cc: Sara Brandt <sara@barrowsfirm.com>, Samantha Ybarra <samantha@barrowsfirm.com>

Mr. Pigg:

████████████████████████████████████████████ e until ████████████████████████████████████████ He said you are writing to US Bank objecting to the Order that you signed off and the Order that the judge has signed off on.

In order for us to obtain our attorney's fees, the order must say that the fees are for **spousal support**. There is no way around it ████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████████████████

Very Truly Yours,

*Leslie Barrows*

**Attorney and Mediator**

*IF THIS IS AN URGENT MATTER CALL THE OFFICE DIRECTLY. I HOPE TO RESPOND TO EMAILS WITHIN 48 HOURS MONDAY THROUGH THURSDAY GIVEN MY TRIAL SCHEDULE.*

**The Barrows Firm, P.C.** *(located next door to Southlake Style Magazine)*

520 E. Southlake Blvd., Suite 140

Southlake, Texas 76092

**Phone: 817-481-1583**

www.barrowsfirm.com

████████████████████████████████████████████████████████████████

-

**The Barrows Firm Team:**

26-10286.1139

# TAB 7

**Original TAC Appendix Email - August 7, 2022 Pigg Did-Not-Sign-Off Email (ROA.1140)**

 Gmail

## 401K

**Bert Pigg** <WAPigg@pigglawfirm.com>                                        Sun, Aug 7, 2022 at 5:30 AM
To: Arnold Yan <▮▮▮▮▮▮▮▮▮▮▮▮▮>, ▮▮▮▮▮▮▮▮▮▮▮▮▮
Doug Burks <doug@pigglawfirm.com>

No.

If you recall, at the hearing in April, you were ordered to get 50K from your 401k.  You were to have done it within 30 days - meaning mid-May.   Leslie tried to get her 25k via a QDRO, claiming it was for spousal support - not attorney's fees as ordered.  I did not sign off on that QDRO because it would not be true and I'm not going to sign a court document that is not true. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮

Thanks
[Quoted text hidden]
--
[Quoted text hidden]

**6 / 70**

**TAB 8**

**Original TAC Appendix Email - August 8, 2022 Pigg Have-To-Lie Email (ROA.1141)**

Case 4:23-cv-00758-Y     Document 60     Filed 09/18/23     Page 89 of 152     PageID 1174

 Gmail

## 401K

**Bert Pigg** <WAPigg@pigglawfirm.com>                                           Mon, Aug 8, 2022 at 7:12 AM
To: Arnold Yan
Cc:                                                                             Doug Burks
<doug@pigglawfirm.com>

In that case,the legal issue is that we either have to lie and accept the QDRO or you need to figure out some other way to get 25K for Barrows.  As for my 25K, I'm not going to put myself in a position where I'm taking money in a non-truthful way, so, regardless of Barrows, you'll have to figure out something for my end of things.
[Quoted text hidden]

**7 / 70**

26-10286.1141