U.S. COURT OF APPEALS
RECEIVED
Sep 22, 2026
FIFTH CIRCUIT

**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

**No. 25-11370**
CONGHUA YAN, Plaintiff-Appellant,
v.
WILLIAM A. PIGG, in individual capacity, as member of the State Bar of Texas,
Defendant-Appellee.

*consolidated with*

**No. 26-10286**
CONGHUA YAN, Plaintiff-Appellant,
v.
THE STATE BAR OF TEXAS; THE BARROWS FIRM; LESLIE STARR BARROWS; WILLIAM ALBERT PIGG; SAMANTHA YBARRA; LUIS JESUS MARIN; DANIEL EULALIO MARTINEZ; RACHEL ANN CRAIG; LORI L. DEANGELIS; and U.S. BANK, Defendants-Appellees.

On Appeal from the United States District Court
for the Northern District of Texas, Fort Worth Division
USDC No. 4:23-CV-758

# OPPOSED MOTION FOR LEAVE TO FILE SUPPLEMENTAL NOTICE OF POST-BRIEFING TEXAS SENATE STATE AFFAIRS HEARING

Appellant Conghua Yan, proceeding pro se, respectfully moves under Fifth Circuit Rule 28.4 for leave to file the attached Proposed Supplemental Notice concerning a September 14, 2026 official hearing of the Texas Senate Committee on State Affairs.

The hearing occurred after Appellant's principal briefing and concerns subject matter materially related to the institutional setting of Appellant's already-pleaded federal RICO and ERISA claims.

During the hearing, Senator Charles Perry addressed **professional financial incentives in Texas family-court proceedings**, including **professionals** "billing the file," and characterized the relationships under discussion as a "**racket amongst the attorneys**," a "**racket amongst the evaluators**," and a "**racket in the court system.**" Senator Bob Hall addressed governmental responsibility to the citizens affected by that system, observing that government is "**supposed to be the servant**" and concluding: "**If we don't do something this session to fix this problem, then shame on us**."

The proposed Notice does not contend that these statements adjudicate Appellant's claims or establish the liability of any Defendant. Nor does Appellant seek to enlarge the district-court evidentiary record.

Their relevance is narrower. Appellant's already-briefed claims allege that **a fee-generating mechanism operating through Texas family-court process reached federally regulated ERISA retirement assets**. The record includes the contemporaneous statement: "**In order for us to obtain our attorney's fees, the order must say that the fees are for spousal support. There is no way around it**." ROA.26-10286.1139. Appellant alleges that the resulting process culminated in a $25,000 distribution from his ERISA-governed retirement account.

The subsequent Senate proceeding therefore provides **governmental context concerning the type of professional financial incentives** and **institutional relationships in the court system, amongst the attorneys,**

implicated by Appellant's existing allegations, while the federal claims before this Court **concern what Appellant alleges occurred when such a mechanism reached assets governed by federal law**.

Because the Senate hearing occurred only after Appellant's briefing, Appellant could not previously have brought it to this Court's attention.

Appellant respectfully requests leave to file the attached Proposed Supplemental Notice for whatever relevance and weight the Court determines appropriate.

**OFFICIAL SOURCE LINKS**

**Official Texas Senate recording (Video 22783):**
https://senate.texas.gov/videoplayer.php?lang=en&vid=22783

**Official hearing notice:**
https://capitol.texas.gov/tlodocs/89R/schedules/html/C5702026091409001.HTM

Respectfully submitted,

*/s/ Conghua Yan*

Conghua Yan
Plaintiff-Appellant, Pro Se
2140 E. Southlake Boulevard, Suite L-439
Southlake, Texas 76092
Telephone: 214-228-1886
arnold200@gmail.com

**CERTIFICATE OF INTERESTED PERSONS**

Pursuant to Fifth Circuit Rule 28.2.1, Appellant certifies that the persons and entities with an interest in these consolidated appeals have previously been identified in Appellant's briefs and filings. They include Plaintiff-Appellant Conghua Yan; Defendants-Appellees William A. Pigg, the State Bar of Texas, the Barrows Firm, Leslie Starr Barrows, Samantha Ybarra, Luis Jesus Marin, Daniel Eulalio Martinez, Rachel Ann Craig, Lori L. DeAngelis, and U.S. Bank; and counsel of record identified in the parties' appellate filings.

Appellant is unaware of any additional interested person created by this motion.

## CERTIFICATE OF CONFERENCE

Pursuant to Fifth Circuit Rule 27.4, Appellant certifies that on September 22, 2026, he contacted or attempted to contact all Appellees or their counsel of record concerning this Motion for Leave. For purposes of filing, Appellant treats the motion as opposed by all Appellees.

Appellant treats this motion as opposed by all Appellees for filing purposes. Accordingly, Appellant does not represent that any Appellee is unopposed to the relief requested.

## CERTIFICATE OF COMPLIANCE

This motion complies with Federal Rule of Appellate Procedure 27(d)(2) because it contains 620 words, excluding the portions exempted by Federal Rule of Appellate Procedure 32(f). This filing complies with the applicable typeface and type-style requirements of Federal Rule of Appellate Procedure 32.

## CERTIFICATE OF SERVICE

I certify that on September 22, 2026, I served this Motion for Leave and the attached Proposed Supplemental Notice on all parties or counsel of record through the Court's CM/ECF system and/or by the applicable method of service for any party not receiving electronic service.

*/s/ Conghua Yan*
Conghua Yan

**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

**No. 25-11370**
CONGHUA YAN, Plaintiff-Appellant,
v.
WILLIAM A. PIGG, in individual capacity, as member of the State Bar of Texas,
Defendant-Appellee.

*consolidated with*

**No. 26-10286**
CONGHUA YAN, Plaintiff-Appellant,
v.
THE STATE BAR OF TEXAS; THE BARROWS FIRM; LESLIE STARR BARROWS; WILLIAM ALBERT PIGG; SAMANTHA YBARRA; LUIS JESUS MARIN; DANIEL EULALIO MARTINEZ; RACHEL ANN CRAIG; LORI L. DEANGELIS; and U.S. BANK, Defendants-Appellees.

On Appeal from the United States District Court
for the Northern District of Texas, Fort Worth Division
USDC No. 4:23-CV-758

# PROPOSED SUPPLEMENTAL NOTICE OF POST-BRIEFING TEXAS SENATE PROCEEDING CONCERNING SYSTEMIC FAMILY-COURT FEE INCENTIVES RELEVANT TO APPELLANT'S PLEADED ERISA AND RICO CLAIMS

Appellant Conghua Yan respectfully brings to the Court's attention an official September 14, 2026 proceeding of the Texas Senate Committee on State Affairs addressing systemic burdens **within Texas family-court proceedings**, including prolonged litigation, **professional financial incentives**, and **governmental accountability**.

The proceeding occurred after Appellant's principal briefing in these consolidated appeals.

## I. THE TEXAS SENATE HEARING

During the September 14 hearing, Senator *Charles Perry* addressed the financial incentives associated with prolonged family-court proceedings, including the practice described as "**billing the file**."

Perry then described **the relationships among the professional and governmental participants** under discussion:

> **"To be perfectly frank, it's kind of a racket."**
> **"It's a racket amongst the attorneys. It's a racket amongst the valuators, and it's a racket in the court system."**

Perry also questioned why proceedings were permitted to continue unnecessarily and stated that there was "**no reason to drag most of this stuff out that they are.**"

Senator Bob Hall subsequently addressed the responsibility of government toward the citizens affected by the system. Hall observed that government is "**supposed to be the servant**" of the people.

After hearing the testimony presented to the Committee, Hall concluded:

> "**If we don't do something this session to fix this problem, then shame on us**."

The official proceeding is preserved by the Texas Senate as Texas Senate Committee on State Affairs, September 14, 2026, Video 22783.

**Official Texas Senate recording (Video 22783):**
https://senate.texas.gov/videoplayer.php?lang=en&vid=22783
**Official hearing notice:**
https://capitol.texas.gov/tlodocs/89R/schedules/html/C5702026091409001.HTM

**Contemporaneous written account:** https://thetexasdispatch.com/texas-senate-state-affairs-family-courts-delays-recap-september-14/
**Caption-based hearing guide:** https://safesapcrtx.org/senate-hearing-2026

## II. THE SIGNIFICANCE TO THIS FEDERAL APPEAL IS THE ERISA AND RICO NEXUS

Appellant does not suggest that Senator Perry, Senator Hall, or the Texas Senate adjudicated the facts of Appellant's case. They did not. Nor does Appellant offer the Senators' statements as proof that a particular Defendant committed a RICO predicate act or violated ERISA.

The significance is different. The September 14 proceeding reflects an official Texas legislative examination of alleged systemic burdens within the Texas family-court environment. During that examination, a member of the Committee expressly described **relationships among attorneys, professional evaluators, and the court system** as a "**racket**" while discussing the continued financial incentive reflected in "**billing the file**." Another member emphasized that government is "**supposed to be the servant**" and declared that legislative failure to address the identified problems would mean "**shame on us**."

Appellant's federal action alleges **a specific circumstance in which the type of fee-generating mechanism complained of in the state family-court setting crossed into property governed by federal law**.

The record contains the contemporaneous statement:

> **"In order for us to obtain our attorney's fees, the order must say that the fees are for spousal support. There is no way around it."**
> ROA.26-10286.1139.

The record further reflects an original directive involving $50,000 from Appellant's retirement account, with $25,000 in attorney's fees awarded to each attorney, followed by a disputed instrument characterizing $25,000 as "spousal support" and directing payment through the retirement plan. Appellant alleges that $25,000 was ultimately distributed from his ERISA-governed retirement account.

Appellant's briefing therefore does not merely complain about excessive attorney's fees or ask a federal court to supervise ordinary Texas domestic-relations litigation. It alleges that conduct undertaken to "obtain our attorney's fees" through state family-court process reached an ERISA-governed employee-benefit plan, invoking independent federal statutory protections and duties governing retirement-plan assets.

Appellant further alleges that the conduct, coordination, use of official instruments, and resulting transfer form part of the federal RICO theories already pleaded and briefed.

## III. STATE REFORM AND FEDERAL STATUTORY RESPONSIBILITY ARE DISTINCT

Texas possesses authority to **examine** and **reform** its **own family-court system**. The September 14 Senate proceeding demonstrates that state lawmakers are examining the burdens, professional incentives, delays, and **institutional relationships within that system**.

But Appellant's federal claims present a **separate** question. When an alleged fee-extraction mechanism operating through state proceedings reaches assets

protected and regulated by ERISA, Appellant contends that **the resulting federal statutory issues do not disappear merely because the mechanism originated in a divorce proceeding.**

ERISA establishes federal requirements governing covered employee-benefit plans and distributions from those plans. Appellant's RICO claims likewise arise under federal statute.

Thus, the jurisdictional and substantive question presented by Appellant's claims is not whether federal courts should repair the Texas family-court system. It is whether conduct alleged to have arisen through that system violated independent federal law when it reached federally regulated retirement assets. That distinction is central to Appellant's appeal.

## IV. LIMITED PURPOSE OF THIS NOTICE

Appellant does not seek through this Notice to supplement the district-court evidentiary record with proof of liability. The Senate proceeding postdates the district-court proceedings and Appellant's principal appellate briefing.

Appellant does not intend to pressure this Court to act merely because another governmental actor stated that failure to address the identified problems would be "shame on us."

Appellant submits it for the limited purpose of bringing to the Court's attention a subsequent governmental development bearing upon the institutional context of allegations already properly before the Court.

The Texas Senate proceeding does not establish Appellant's claims. But Appellant respectfully submits that it is relevant context when evaluating whether allegations concerning coordinated professional financial incentives within Texas family-court proceedings can properly be dismissed as merely a dissatisfied divorce litigant's characterization of an ordinary domestic-relations dispute.

Here, Appellant alleges more: that the challenged method reached federally regulated ERISA retirement assets and implicated the independent federal statutes presently before this Court.

Appellant respectfully requests that the Court receive this Notice and consider the September 14, 2026 official Texas Senate proceeding for whatever relevance and weight the Court determines appropriate.

Respectfully submitted,


*<u>/s/ Conghua Yan</u>*
Conghua Yan
Plaintiff-Appellant, Pro Se
2140 E. Southlake Boulevard, Suite L-439
Southlake, Texas 76092
Telephone: 214-228-1886
arnold200@gmail.com