**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

U.S. COURT OF APPEALS
RECEIVED
Nov 10, 2026
FIFTH CIRCUIT

**No. 25-11370**
CONGHUA YAN,
Plaintiff-Appellant,
v.
WILLIAM A. PIGG,
Defendant-Appellee.

**Consolidated with No. 26-10286**
CONGHUA YAN,
Plaintiff-Appellant,
v.
STATE BAR OF TEXAS, ET AL.,
Defendants-Appellees.

On Appeal from the United States District Court
for the Northern District of Texas, Fort Worth Division
USDC No. 4:23-CV-758

# APPELLANT'S OPPOSED MOTION FOR LEAVE TO FILE A SHORT SUPPLEMENTAL MEMORANDUM ON TEXAS PROFESSIONAL-ETHICS AUTHORITIES

Conghua Yan
Plaintiff-Appellant, Pro Se
2140 E. Southlake Boulevard, Suite L-439
Southlake, Texas 76092
Telephone: 214-228-1886
Email: arnold200@gmail.com

Motion | Memorandum | Authorities | Certificates

## CERTIFICATE OF INTERESTED PERSONS

Nos. 25-11370 and 26-10286
Conghua Yan v. William A. Pigg, consolidated with Conghua Yan v. State Bar of Texas, et al.

Appellant discloses these known interests for recusal review under Fifth Circuit Rules 27.4 and 28.2.1:

Appellant: Conghua Yan, pro se.

Appellees: State Bar of Texas; The Barrows Firm; Leslie Starr Barrows; William Albert Pigg; Samantha Ybarra; Luis Jesus Marin; Daniel Eulalio Martinez; Rachel Ann Craig; Lori L. DeAngelis; Tarrant County; and U.S. Bank.

Counsel for Appellees: J. Nathaniel James; Roland K. Johnson; Caroline M. Cyrier; Royce A. Lemoine; Michael G. Graham; Amanda M. Kates; Katherine E. Owens; Mallory Ann Schuit; Melvin Keith Ogle; Melissa D. Hill; Tyler J. Hill; Charles L. Woods; and William Albert Pigg, representing himself.

Additional interests: William Harris, David Evans, and Tom Wilder (proposed defendants); and Texas Lawyers' Insurance Exchange (insurer identified by the Barrows Appellees).

*/s/ Conghua Yan*
Conghua Yan

## MOTION FOR LEAVE

The Court should grant leave to file the proposed supplemental memorandum and accompanying Authorities Appendix.

Texas Professional Ethics Committee Opinion 374 and the State Bar of Texas's Texas Family Law Practice Manual address the attorney-fee conflict already pleaded and briefed.

Appellant Conghua Yan seeks leave under Federal Rule of Appellate Procedure 27 and Fifth Circuit Rule 28.4. All Appellees oppose this motion.

### I. The 1974 Opinion 374 identified the conflict pleaded here

Justice is abandoned when a client's own lawyer uses superior legal knowledge to collect from the client instead of protecting the client's interests. Yan alleges that a few lawyers and judges used court-backed fee awards to compel payments from consumers while the lawyers on whom those consumers relied withheld the law's limits. ROA.26-10286.1105-06, paragraphs 220-26.

In 1974, the Texas Professional Ethics Committee identified the relevant conflict in Opinion 374: a lawyer **must not** secure a fee judgment against a client in the same litigation while continuing to represent that client. The opinion explains that court approval of the fee does not cure the conflict. Tex. Comm. on Prof'l Ethics, Op. 374, 37 Tex. B.J. 1085 (1974), official PDF pp. 1–2 (Authorities Appx. 3–4).

The *Texas Family Law Practice Manual* carries that principle forward in § 20.32, citing Opinion 374 as guidance governing a lawyer's pursuit of fees against a current client. State Bar of Texas, *Texas Family Law Practice Manual*, ch. 20, online version 24, § 20.32 (Authorities Appx. 5–6). Yet Yan contends that counsel for the State Bar's disciplinary officials has disregarded the very professional guidance that identifies this conflict.

The April 13, 2022 report gave Pigg a $25,000 personal stake in collection from his own client's retirement account. It directed Yan to withdraw or borrow $50,000, or as much as allowed, and awarded each attorney $25,000. ROA.26-10286.1198. Yan alleges that DeAngelis made Pigg's award without a fee request or supporting proof from him, giving him a financial incentive not to challenge the order. ROA.26-10286.1070. The consolidated reply connects that separate award to the later support recitals and Barrows-Pigg communications. Reply Br. 18-24, paragraphs 35-42; ROA.26-10286.1139-42, 1200-02. The proposed memorandum explains how Opinion 374 and the Manual illuminate that pleaded conflict and coordinated collection.

The proposed fourth amended complaint (PFAC) expressly alleges the resulting loss of advocacy in its antitrust count. It alleges that the State Bar's monopoly and court-backed collection system enable lawyers to pursue their own legal-service consumers. When the client's own lawyer benefits from the fee award, paragraph

258 states, "No one advocates for the consumer's interest." PFAC, Count Three, paragraphs 223-24, 258, ECF No. 210-1 at 55-56, 63; ROA.26-10286.2744-45, 2752.

Yan’s claims against Pigg, his own lawyer, raise the conflict Opinion 374 condemned: obtaining a judgment for legal fees against a client in the same litigation while continuing to represent that client. Yan contends that today’s legal profession has failed to uphold that longstanding ethical standard.

The pleaded problem extends beyond Yan. The PFAC alleges a fifteen-year, multi-county practice that overrides consumers' fee agreements and harms other consumers statewide. PFAC paragraphs 260-63; ROA.26-10286.2753. The lawyers who have the expertise receive the money; the consumers who must pay depend on those lawyers to explain the law. See ROA.26-10286.1105-06, 2752. Yan contends that the State Bar has normalized a financial conflict its professional authorities identified more than fifty years ago. The proposed memorandum connects that longstanding standard to the preserved allegations and Rule 15 request.

## II. Leave will permit focused consideration on the existing record

Fifth Circuit Rule 28.4 requires leave for supplemental briefing. Appellant requests that leave so the Court may consider how the identified professional authorities bear on the preserved fee-conflict arguments. The memorandum distinguishes Opinion 374's fee judgment from the interim report challenged here. Appellant presents these

longstanding sources through a motion for leave, rather than as intervening decisions under Rule 28(j).

The Authorities Appendix supplies the official two-page Opinion 374, pinpointed Manual excerpts and summaries, and official source links. Existing reports and emails remain cited by their ROA locations. The submission adds no case-specific evidence or new claim and requests no emergency ruling or change in the appellate schedule. Appellees may respond as the Court directs.

### Requested relief

Appellant requests leave to file the complete proposed memorandum below and to submit the accompanying Authorities Appendix for consideration with the existing briefs. The requested merits disposition remains the relief sought in the opening and reply briefs. Until leave is granted, the memorandum is a proposed attachment to this motion, not an independently filed supplemental brief.

Respectfully submitted,

/s/ Conghua Yan
Conghua Yan
Plaintiff-Appellant, Pro Se
2140 E. Southlake Boulevard, Suite L-439
Southlake, Texas 76092
Telephone: 214-228-1886
Email: arnold200@gmail.com

## CERTIFICATE OF CONFERENCE

Before filing this motion, I contacted the other parties by email, through counsel or directly for William Albert Pigg, to ascertain their positions on this motion concerning Opinion 374 and the Texas Family Law Practice Manual. All Appellees oppose the requested relief.

*/s/ Conghua Yan*
Conghua Yan

## CERTIFICATE OF COMPLIANCE

This motion complies with Federal Rule of Appellate Procedure 27(d)(2)(A) because the motion and complete proposed memorandum together contain 1823 words, excluding the parts exempted by Rule 32(f), as counted by Microsoft Word. The count conservatively includes the conference statement and its heading.

The motion and proposed memorandum comply with the typeface and type-style requirements of Rules 27(d)(1)(E) and 32(a)(5)-(6) because they use 14-point Times New Roman, a proportionally spaced typeface.

*/s/ Conghua Yan*
Conghua Yan

## CERTIFICATE OF SERVICE

I certify that on November 10, 2026, I served this motion, the complete proposed memorandum, and the accompanying Authorities Appendix by email on the persons and addresses identified in the attached service list.

## SERVICE LIST

William Albert Pigg, self-represented
wapigg@pigglawfirm.com

Royce A. Lemoine; Michael G. Graham; Amanda M. Kates
For the State Bar of Texas, Luis Jesus Marin, Daniel Eulalio Martinez, and Rachel Ann Craig
royce.lemoine@texasbar.com; Michael.Graham@texasbar.com; amanda.kates@texasbar.com

J. Nathaniel James; Caroline M. Cyrier; Roland K. Johnson
For The Barrows Firm, Leslie Starr Barrows, and Samantha Ybarra
njames@hfblaw.com; ccyrier@hfblaw.com; rolandjohnson@hfblaw.com

Katherine E. Owens
For Lori L. DeAngelis
keowens@tarrantcountytx.gov

Melissa D. Hill; Tyler J. Hill
For U.S. Bank
melissa.hill@morganlewis.com; tyler.j.hill@morganlewis.com

Additional recipients included in Appellant's November 5 correspondence
Polly S. Maxwell; Craig M. Price; Elizabeth A. Schwartz
PSMaxwell@tarrantcountytx.gov; cmprice@tarrantcountytx.gov; elizabeth.schwartz@morganlewis.com

Conghau Yan

Conghua Yan

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

**No. 25-11370**

CONGHUA YAN,
Plaintiff-Appellant,
v.
WILLIAM A. PIGG,
Defendant-Appellee.

**Consolidated with No. 26-10286**

CONGHUA YAN,
Plaintiff-Appellant,
v.
STATE BAR OF TEXAS, ET AL.,
Defendants-Appellees.

On Appeal from the United States District Court
for the Northern District of Texas, Fort Worth Division
USDC No. 4:23-CV-758

# APPELLANT'S PROPOSED SUPPLEMENTAL MEMORANDUM


Conghua Yan
Plaintiff-Appellant, Pro Se
2140 E. Southlake Boulevard, Suite L-439
Southlake, Texas 76092
Telephone: 214-228-1886
Email: arnold200@gmail.com


Motion | Memorandum | Authorities | Certificates

Submitted with the motion for leave; filing as supplemental briefing is subject to the Court's permission.

**I. Opinion 374 identified the conflict in 1974 and required continued loyalty**

Opinion 374 made clear in 1974 that court approval of a fee does not resolve counsel's conflict with a current client. The lawyer there continued a divorce representation, obtained a judgment for his own fees against the client in that case, and pursued collection. The Committee explained that continued representation required protection of the client and that counsel must identify the conflict to the court even when the court had set the fee or authorized the judgment. Tex. Comm. on Prof'l Ethics, Op. 374, 37 Tex. B.J. 1085 (1974), official PDF pp. 1-2 (Authorities Appx. 3-4).

Pigg's separate $25,000 award created the personal financial interest alleged here. While he represented Yan, the April 13, 2022 report directed Yan to withdraw or borrow $50,000 from his retirement account, or as much as allowed, and awarded each attorney $25,000. ROA.26-10286.1198; Reply Br. 18-19, paragraphs 35-36. Yan alleges that DeAngelis awarded Pigg that sum without a request or supporting fee proof from him, creating an incentive not to challenge the order. ROA.26-10286.1070. The report calls itself a recommendation or standing order pending a typed order. Opinion 374 concerned a fee judgment; its analysis explains the loyalty problem in the alleged effort to obtain this interim payment.

The Manual reinforces that protection for current clients. Section 20.32 distinguishes allocating fee debt between spouses from giving counsel a recovery judgment against a current client; it identifies withdrawal before independent fee litigation. Sections 20.11 and 20.22 address fee pleadings and interim-fee proof. State Bar of Texas, Texas Family Law Practice Manual, chapter 20, online version 24, cited sections (Authorities Appx. 5-6).

> § 20.32 **Filing Suit for Fees**
> It is improper for a lawyer to secure a judgment for legal fees against his client in the same suit in which the lawyer is representing the client. Tex. Comm. on Prof'l Ethics, Op. 374 (1974).

## II. The emails connect Pigg's financial interest to collection against Yan

The emails connect the personal award to the challenged collection. On August 5, Barrows told Pigg that the order had to say spousal support to obtain their attorney's fees. On August 7, Pigg told Yan that the proposed support description was untrue and said he had not signed it. On August 8, he presented accepting an untrue QDRO or finding another way to pay Barrows as the alternatives, while separating his own $25,000. On August 29, he assured Barrows that U.S. Bank had approved the QDRO and payment would follow. The exhibit records his forwarding that exchange to Yan on November 2. ROA.26-10286.1139-42; Reply Br. 23-24, paragraphs 40-41.

That sequence supports Yan's pleaded inference that his lawyer advanced collection against his retirement interests while giving misleading advice. Pigg's stated refusal to sign untrue paperwork remains part of the record, but it does not resolve the

competing inferences against Yan on the pleadings. The complaint alleges that lawyers withheld the law's limits while court orders compelled payments from consumers with limited legal knowledge. ROA.26-10286.1105, paragraphs 220-23. Opinion 374 helps explain the alleged betrayal: counsel used the client's dependence and unequal legal knowledge to advance collection instead of protecting the client's rights.

**III. The alleged monopoly leaves consumers without an advocate against their own lawyers and perpetuates the conflict condemned in Opinion 374 more than fifty years ago.**

The alleged monopoly supplies a collection mechanism for the conflict identified in 1974. PFAC Count Three alleges that the State Bar maintains monopoly power through licensing and reinforces court-backed fee collection that overrides private agreements and eliminates consumer bargaining. PFAC paragraphs 223-24; ROA.26-10286.2744-45. Paragraph 258 identifies the consequence: the consumer must contest payment to the lawyer on whom the consumer depends for representation, while the other lawyer also benefits from the same mechanism. "No one advocates for the consumer's interest." ROA.26-10286.2752.

The PFAC alleges that this loss of advocacy harms consumers statewide. It describes a fifteen-year, multi-county practice of compelled prepayment, depletion of consumers' resources, and increased barriers to changing counsel or proceeding without counsel. PFAC paragraphs 260-63; ROA.26-10286.2753. **Lawyers who**

**benefit from the awards have a financial incentive to accept them, while consumers lack the independent advice needed to resist**. See ROA.26-10286.1105-06, 2752. **Yan contends that lawyers and judges used this alleged monopolized system to collect against their own consumers despite the professional conflict identified more than fifty years earlier.** That connection bears on the preserved Rule 15 request concerning PFAC Count Three and the fee-conflict arguments already presented.

**IV. General fee authority does not resolve the pleaded conflict**

Barrows's motion did **not** itself establish Pigg's entitlement to a separate $25,000 award. That motion sought the opposing party's fees. ROA.26-10286.1157-59. Yan preserved the lack-of-proof allegation at Reply Br. 18-19, paragraph 36, and ROA.26-10286.1070, 1198. Pigg's answer **admitted** that he submitted no billable hours or rates at the hearing, while denying the allegation that he filed no pleading. ROA.26-10286.1258, paragraph 28. That denial does **not** establish his entitlement on the pleadings. The Court should assess his separate award on the allegations and documents concerning his own request and proof. See Reply Br. 82-84, paragraphs 152-54.

Section 6.502's general authorization of temporary fees does not answer the pleaded challenge to that separate award. The 2022 statute permitted appropriate temporary orders after notice and hearing on a party's motion or the court's own motion, including payment of reasonable attorney's fees and expenses. Tex. Fam. Code § 6.502(a), (a)(4) (2022). The Court must still address the authority actually invoked for the challenged award and separately assess the alleged conflict, misleading communications, and later support recitals within the claims and Rule 12 arguments already presented. See Reply Br. 82-84, paragraphs 152-54.

The professional authorities explain why court approval does not end the conflict inquiry. Opinion 374 is advisory and applies a superseded disciplinary code; the Manual supplies professional guidance. The existing federal authorities continue to govern liability and immunity. Appellant requests consideration of the identified ethical standard and the pleaded loss of advocacy with the relief already sought in the briefs.

/s/ Conghua Yan
Conghua Yan

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

**No. 25-11370**
CONGHUA YAN,
Plaintiff-Appellant,
v.
WILLIAM A. PIGG,
Defendant-Appellee.

**Consolidated with No. 26-10286**
CONGHUA YAN,
Plaintiff-Appellant,
v.
STATE BAR OF TEXAS, ET AL.,
Defendants-Appellees.

On Appeal from the United States District Court
for the Northern District of Texas, Fort Worth Division
USDC No. 4:23-CV-758

# AUTHORITIES APPENDIX
# TEXAS PROFESSIONAL-ETHICS AUTHORITIES

Submitted with Appellant's Opposed Motion for Leave

Conghua Yan
Plaintiff-Appellant, Pro Se
2140 E. Southlake Boulevard, Suite L-439
Southlake, Texas 76092
Telephone: 214-228-1886
Email: arnold200@gmail.com

## AUTHORITIES AND SOURCE LOCATIONS

**A. Opinion 374 - official two-page text: Authorities Appx. 3-4. The first page states the issue and discusses ongoing representation; the second page addresses court approval and enforcement.**

Citation: Tex. Comm. on Prof'l Ethics, Op. 374, 37 Tex. B.J. 1085 (Sept. 1974). The two source pages follow without substantive alteration.

Official Opinion 374 webpage

Official two-page Opinion 374 PDF

B. Texas Family Law Practice Manual, chapter 20, online version 24: section 20.32, first three paragraphs (Authorities Appx. 5). C. Sections 20.11 and 20.22, first paragraphs (Authorities Appx. 6).

Official State Bar publisher chapter

The publisher's HTML chapter has section numbers, not fixed printed page numbers. The section and paragraph references identify the original source; the Authorities Appx. numbers identify this submission. Pages 5-6 contain a short quoted excerpt and summaries, not facsimiles of a paginated edition.

Yellow highlighting in the PDF is emphasis added by Appellant; it is not part of the original publications.

The report and emails already cited in the record are located at ROA.26-10286.1139-42, 1198, and 1200-02. They are not reproduced here.

**Opinion 374**

**September 1974**

**Tex. Comm. On Professional Ethics, Op. 374, V. 37 Tex. B.J. 1085 (1974)**

**ATTORNEY'S FEES**

It is improper for a lawyer to secure a judgment for legal fees against his client in the same suit for which the client is being represented by the lawyer.

Code Of Professional Responsibility: DR 5-101 (A), DR 2-110 (C) (d)

**FACTS**

A lawyer represents a client in a divorce case where there is no clear understanding on the fee arrangement. Client refuses request of lawyer to pay additional fees but client does not discharge lawyer. Lawyer continues representation of client and during trial he testifies as to services rendered and court decrees that client is to pay a portion of lawyer's fee. Lawyer then prepares the divorce decree which includes a judgment for recovery of his fee against client. Thereafter, lawyer pursues vigorous enforcement remedies against client.

Opinion: Ethical Consideration 2-19 provides:

"As soon as feasible after lawyer has been employed, it is desirable that he reach a clear agreement with his client as to the basis of the fee charges to be made. Such a course will not only prevent later misunderstanding but will also work for good relations between the lawyer and the client. It is usually beneficial to reduce to writing the understanding of the parties regarding the fee, particularly when it is contingent.

A lawyer should be mindful that many persons who desire to employ him may have had little or no experience with fee charges of lawyers, and for this reason, he should explain fully to such persons the reasons for the particular fee arrangement he proposes."

A lawyer who continues representation of client when there is a presently existing fee dispute must decide whether such client's conduct "renders it unreasonably difficult for the lawyer to carry out his employment effectively" DR 2-110 (C) (d). If he cannot continue such effective representation, the lawyer should withdraw from the employment, as permitted by the Code of Professional Responsibility. However, if the lawyer continues his representation, he must "zealously" protect the client within the bounds of the law. Canon 7. A ruling permitting judgment in favor of the lawyer for his fee and against the client (the correctness of which is assumed for purpose of this opinion) cannot ethically be used by the lawyer to collect his fee. Such action by the lawyer would clearly affect the interest of the client and be to the detriment of the client. Disciplinary Rule 5-101. Ethical Consideration 5-2 provides, in part:

"After accepting employment, a lawyer carefully should refrain from acquiring a property right or assuming a position that would tend to make his judgment less protective of the interest of his client."

A client should rightfully expect that no lawyer will secure a judgment against him in the very litigation in which he has employed the lawyer. To permit otherwise would be destructive of the lawyer-client relationship.

Fee disputes should be resolved, if at all possible, without resort to litigation. Ethical Consideration 2-3 provides:

"A lawyer should be zealous in his effort to avoid controversies over fees with clients and should attempt to resolve amicably any differences on the subject. He should not sue a client for a fee unless necessary to prevent fraud or gross imposition by the client."

From the recitation of facts furnished this Committee, it has been admitted by the lawyer there was no clear understanding as to the fee arrangement for the representation. That the Court has set the amount of the legal fee or authorized preparation of judgment against the client and in favor of the lawyer, cannot militate against the above ruling. It would be the duty of the lawyer to point out to the Court the conflict of interest and to pursue other permissible courses of action. A vigorous enforcement of the judgment for legal fees compounds the violation.

Texas Family Code ∋11.18 does not change the above ruling. In the opinion of this Committee, the provisions for attorney's fees to be taxed as costs can **only** be applicable as against the **opposing party**. 5 Texas Tech University Law Review 412 (Symposium 1974).

**B. MANUAL SECTION 20.32**

State Bar of Texas, Texas Family Law Practice Manual, chapter 20, online version 24, section 20.32, Filing Suit for Fees, first three paragraphs.

Official section 20.32

The opening sentence identifies obtaining the following as improper:

"a judgment for legal fees against his client in the same suit in which the lawyer is representing the client"

The section distinguishes allocating fee debt between spouses from a recovery judgment for counsel against a current client. It describes withdrawal followed by intervention or a separate action. This distinction frames the conflict question arising from Pigg's personal award.

The excerpt retains the source's same-suit and ongoing-representation qualifications. The full first three paragraphs are available at the linked source. This fixed online version cites rule 1.15 for withdrawal; that is the historical rule numbering used in the cited Manual.

## C. MANUAL SECTIONS 20.11 AND 20.22

State Bar of Texas, Texas Family Law Practice Manual, chapter 20, online version 24.

### Section 20.11 Pleadings Required

Official section 20.11

The opening paragraph addresses pleading entitlement to fees and recognizes that a general fee prayer can support discretionary fees. It does not invariably require a separate fee motion.

### Section 20.22 Proof for Interim Attorney's Fees

Official section 20.22

The dissolution subsection discusses an evidentiary hearing, participation, reasonableness, payment source, need, and present ability to pay.

Application: compare the request and proof actually presented for Pigg's award with the pleaded conflict and communications. See ROA.26-10286.1070, 1198, 1258; Reply Br. 18-19, paragraph 36. Section 6.502(a) separately authorized court-initiated temporary orders after notice and hearing; its subsection (a)(4) addressed reasonable fees and expenses.

Official legislative text identifying the pre-2025 fee wording

The legislative document shows the 2025 amendment. The memorandum uses the 2022 wording for the challenged 2022 events.